IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BARRY D.,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00490 |
| | ) | |
| v. | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
| **MARTIN O'MALLEY,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This social security disability appeal was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 29 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on February 14, 2024, recommending that this court deny Plaintiff's request to vacate the Commissioner's final decision, grant the Commissioner's summary judgment motion, and affirm the Commissioner's final decision. Dkt. 26. Plaintiff filed objections to the R&R and this matter is now ripe for consideration. I overrule Plaintiff's objections, adopt the magistrate judge's R&R in its entirety, and grant the Commissioner's summary judgment motion.

### I.   BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

### II.   DISCUSSION

#### A. Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454,

460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 139 S. Ct. at 1154 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589). However, a reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

### B. Analysis

Plaintiff objects to the R&R's determination that the ALJ adequately explained her deviation from prior administrative medical findings ("PAMFs") in her Residual Functional Capacity ("RFC") assessment. Plaintiff argues that SSR 96-8p requires the ALJ to "explicitly state why [her] RFC did not include the PAMFs' restrictions against production quotas or pressures or rapid performance." Dkt. 27 at 3. Rather than requiring an "explicit" statement, Plaintiff contends, the R&R improperly concluded that the record "*in general*" supported a finding that the ALJ adequately explained her decision to deviate from the PAMFs. *Id.* at 2 (emphasis added). Plaintiff further objects to the R&R's reference to the "source-level" discussion rule of 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1), which, he argues, is inappropriate in the context of SSR 96-8p.

I have conducted a careful de novo review of Plaintiff's objections, the record, the R&R, the arguments of counsel, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections to the R&R, Dkt. 27, are **DENIED**;

2. The Magistrate Judge's Report and Recommendation, Dkt. 26, is fully **ACCEPTED** and **ADOPTED**;

3. Plaintiff's request for the Commissioner's decision to be vacated, Dkt. 16 is **DENIED**;

4. The Commissioner's Motion for Summary Judgment, Dkt. 22, is **GRANTED**;

5. The decision of the Commissioner is **AFFIRMED**; and

6. A separate final judgment will be entered.

Entered: March 27, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge